**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANDREW ABRAHAM BILLS,

     Plaintiff,

v.             Case No. 26-cv-10878
             HON. MARK A. GOLDSMITH

C/O BRUE, et al.,

     Defendants,

_____/

## OPINION AND ORDER PARTIALLY DISMISSING THE CIVIL RIGHTS COMPLAINT AND DIRECTING THAT THE REMAINDER OF THE COMPLAINT BE SENT TO PRISONER MEDIATION

### I.  INTRODUCTION

Plaintiff, Andrew Abraham Bills, presently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons that follow, the complaint is dismissed the Court has reviewed the complaint and now dismisses it in part. The remainder of the complaint shall be referred to the Prisoner Mediation Program.

### II. STANDARD OF REVIEW

Plaintiff has been allowed to proceed without prepayment of fees. <u>See</u> 28 § U.S.C. 1915(a); <u>McGore v. Wrigglesworth,</u> 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Denton v. Hernandez, 504 U.S. 25, 32 (1992).  Sua sponte dismissal is appropriate if the complaint lacks an arguable basis when filed.  McGore, 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (punctuation modified).  Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (i) the defendant acted under color of state law; and (ii) the offending conduct deprived the plaintiff of rights secured by federal law.  Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail."  Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).

### III. COMPLAINT

Plaintiff sues Correctional Officer Unknown Brue and the Gus Harrison Correctional Facility.  Plaintiff claims that defendant Brue subjected him to excessive force by spraying Plaintiff in the eyes with pepper spray or some other chemical agent, even though Plaintiff was being assaulted by another inmate.  Plaintiff alleges that Brue had no reason to assault him with pepper

spray.  Plaintiff's eyes were damaged and he received medical treatment.  Plaintiff claims he still suffers from blurry vision.  Plaintiff seeks monetary damages.

## IV. DISCUSSION

### A.  The case is dismissed against the Gus Harrison Correctional Facility.

Plaintiff's lawsuit against the Gus Harrison Correctional Facility is dismissed.

The Michigan Department of Corrections is not a "person" subject to suit under 42 U.S.C. § 1983, and thus, the Eleventh Amendment would bar Plaintiff's civil rights action against the Michigan Department of Corrections.  Harrison v. Michigan, 722 F.3d 768, 771 (6th Cir. 2013); Diaz v. Mich. Dep't of Corr., 703 F.3d 956, 962 (6th Cir. 2013).

A state prison or correctional facility is also not a "person" for purposes of the Civil Rights Act.  See Anderson v. Morgan Cty. Corr. Complex, No. 15–6344, 2016 WL 9402910, at * 1 (6th Cir. Sept. 21, 2016) ("A state prison is not a 'person' subject to suit under § 1983."); Hix v. Tennessee Dept. of Corrections, 196 F. App'x 350, 355–356 (6th Cir.2006) (and cases cited therein) (holding that neither the state department of corrections, as an "administrative department of the state," nor the state prison's medical department, which "may be seen as nothing more than an arm" of the department of corrections, is a "person" within the meaning of § 1983); McIntosh v. Camp Brighton, No. 14-CV-11327, 2014 WL 1584173, at * 2 (E.D. Mich. Apr. 21, 2014) (finding that a state prison facility is an institution operated by a state corrections department and "is not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983").  Accordingly, the case must be dismissed against the Gus Harrison Correctional Facility.

### B. Plaintiff has stated a viable claim against Defendant Brue.

Plaintiff alleges that Defendant Brue subjected him to excessive force by spraying him with pepper spray or some chemical agent with no basis to do so.

A colorable Eighth Amendment claim for the use of excessive force contains both an objective and subjective component.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The objective component requires the plaintiff to demonstrate that he or she has been subjected to specific deprivations that are so serious that they deny him or her "the minimal civilized measure of life's necessities."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8–9 (1992).  For a successful excessive force claim, the objective component requires that the pain inflicted be serious.  See Hudson, 503 U.S. at 8–9.  The subjective component of an excessive force requires that the defendant act with deliberate indifference to an inmate's health or safety.  See Wilson, 501 U.S. at 302–03. In an excessive-force claim, the subjective component requires the plaintiff to show that the defendants acted "'maliciously and sadistically for the very purpose of causing harm,'" rather than "'in a good faith effort to maintain or restore discipline.'"  Hudson, 503 U.S. at 6 (quoting Whitley v. Albers, 475 U.S. 312, 320–21 (1986)).  Plaintiff's allegations, if true, make out a colorable claim for excessive force against Defendant Brue.

## V.  ORDER

**IT IS ORDERED THAT:**

The civil rights complaint is **DISMISSED IN PART WITH PREJUDICE WITH RESPECT TO DEFENDANT GUS HARRISON CORRECTIONAL FACILITY FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. THE REMAINDER OF THE CASE SHALL BE REFERRED TO THE PRISONER MEDIATION PROGRAM.**


Dated: April 21, 2026                          s/Mark A. Goldsmith
Detroit, Michigan                              MARK A. GOLDSMITH
                                               United States District Judge

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 21, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager